UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GIL ZUNIGA-FRANCO,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-CR-1597-TWR<br><br>**ORDER DENYING MOTION TO DISMISS THE INFORMATION** |

　　　Pending before the Court is Defendant's motion to dismiss the criminal information based on the ground that the immigration statute he is charged with violating – 8 U.S.C. Section 1326 – violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252 (1977).  The Court finds that the rational basis test applies to Defendant's motion. *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1185 (9th Cir. 2011) ("We review equal protection challenges to federal immigration laws under the rational basis standard and uphold them if they are 'rationally related to a legitimate government purpose.'") (quoting *Masnauskas v. Gonzales,* 432 F.3d 1067, 1071 (9th. Cir.

2005).[1]  The Court further finds that Section 1326 satisfies the rational basis test because it is rationally related to the legitimate government interest of deterring illegal reentry into the United States.  *See United States v. Hernandez-Guerrerro*, 147 F.3d 1075, 1078 (9th Cir. 1998) ("By threatening with criminal prosecution any alien found in the United States who has previously been 'excluded, deported, or removed,' Congress sought in § 1326 to give teeth to civil immigration statutes and to ensure compliance with civil deportation orders. . . . In fact, it is plain that § 1326 is a necessary piece of the immigration-regulation framework; without the threat of criminal prosecution that it provides, Congress's immigration-regulation authority would be fatally undermined-all bark and no bite."); *cf. United States v. Ruiz-Chairez* 493 F.3d 1089, 1091 (9th Cir. 2007) ("Because the illegal reentry statute is a proper exercise of Congress's immigration power, and because § 2L1.2 properly implements this congressional directive, we must conclude that the 16 level enhancement under § 2L1.2 serves a legitimate government interest and has a rational basis.  The enhancement serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes.") (citations omitted).  Defendant's motion to dismiss the information is therefore denied.

**IT IS SO ORDERED**.

DATED: 11/2/2023

Hon. Todd W. Robinson
United States District Judge

---

[1]  In *United States v. Carillo-Lopez*, 68 F.4th 1133, 1142 (9th Cir. 2023), the Court declined to decide what standard of review applies to statutory challenges such as the one made by defendant Zuniga-Franco.  However, even if the heightened *Arlington Heights* standard of review were to be used to analyze defendant Zuniga-Franco's motion, the analysis set forth in *Carillo-Lopez* compels the conclusion that defendant Zuniga-Franco has failed to carry his burden of proving that § 1326 is invalid under equal protection principles.  *Id*. at 1142-54.